UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLYN BENSON LILLY                    CIVIL ACTION

VERSUS                                  NO: 07-8087

ALLSTATE INSURANCE CO.                  SECTION: R (1)


<u>**ORDER AND REASONS**</u>

Before the Court is plaintiff's motion to remand this case
to state court and her request for attorneys' fees. Because the
Court finds that the jurisdictional amount is not satisfied, the
Court GRANTS plaintiff's motion to remand. The Court, however,
DENIES plaintiff's request for attorneys' fees.

On August 29, 2007, plaintiff filed suit in state court
against defendant Allstate Insurance Company, her homeowner's
insurer, for damage to her house resulting from Hurricane
Katrina. In her complaint, plaintiff explicitly "waive[d]
entitlement to any damages, including penalties and statutory
attorney's fees, but exclusive of interest and costs, in excess

of $74,999.00." (*See* Pls.' Cmplt. at ¶ 11, R. Doc. 1-3 at 3. The Court finds that plaintiff's stipulation establishes with legal certainty that their claims are for less than $75,000, therefore defeating removal. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

Allstate has asked the Court to include in this remand order a condition expressly stating that the remand will not affect Allstate's right to remove the action again if plaintiff later amends the petition after one year and seeks more than $75,000 in damages. The Court cannot grant Allstate an exemption from 28 U.S.C. § 1446(b). If Allstate has cause to remove the action a second time, it can seek equitable estoppel of the removal statute's one-year limitation based on the specific facts surrounding that removal.

Plaintiff also asserts that defendant lacked an objectively reasonable basis to remove this case and therefore moves the Court to award attorney's fees. Under 28 U.S.C. § 1447(c), when a court issues a remand order, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court may exercise its discretion to award attorney's fees in the remand context "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

(2005). *See also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Here, it is not obvious that defendant lacked an objectively reasonable basis to remove this case. Although plaintiffs' complaint explicitly states that the amount in controversy is less than $75,000, plaintiff did not verify her complaint or file a separate, binding stipulation that she would not seek to amend her complaint to increase her requested damages. Indeed, plaintiff declined to enter such a stipulation that defendant had prepared. Thus, defendant's attempt to remove was not legally improper. *See Gasquet v. Lexington Ins. Co.*, Civ. Act. No. 06-5931, 2006 WL 3497777 (E.D. La. Nov. 30, 2006). Accordingly, plaintiff is not entitled to attorney's fees.

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and DENIES her request for attorney's fees.

New Orleans, Louisiana, this 30th day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE